IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAMS R. JENKINS, | : | CIVIL ACTION NO. **1:CV-12-0670** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MONICA RECTENWALD, WARDEN, FCI-ALLENWOOD, | : : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On June 2, 2011, Petitioner Williams R. Jenkins, an inmate at FCI-Allenwood, White Deer, Pennsylvania, filed, *pro se*, an instant action styled as a Petition under the All Writs Act, 28 U.S.C. § 1651. (Doc. 1). *See Jenkins v. United States*, Civil No. 11-1061, M.D. Pa. Petitioner stated that "extraordinary grounds exist, where the law was not applied to Petitioner's case." (*Id.*, p. 6). Petitioner stated that he was entitled to relief under the All Writs Act since his claims were not "redressable (sic) by some other means." Specifically, Petitioner stated, in part, that one of his two prior convictions used by the federal court to enhance his sentence as a career offender, namely his Pennsylvania State simple assault conviction, did not qualify for a crime of violence based on the Supreme Court's decision in *Begay v. United States*, 553 U.S. 1137 (2008). Thus, Petitioner stated that he was actually innocent of being a career offender. Petitioner also claimed that he was actually innocent of aiding and abetting the use or carrying of a firearm in a drug crime under 18 U.S.C. § 924(c), based on *Bailey v. United States*, 576 U.S. 137 (1995). Further, Petitioner

claimed that the career offender guidelines were improperly given mandatory effect. As such, Petitioner requested that this Court direct the sentencing Court to re-sentence him *sans* the career offender enhancement.

We found that Petitioner's Petition in Civil No. 11-1061 should be construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. We gave preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254. On June 22, 2011, we issued a Report and Recommendation ("R&R") in Petitioner Jenkins' Civil No. 11-1061case and recommended that his Petition be construed as one for Writ of Habeas Corpus under 28 U.S.C. §2241 and, that it be dismissed, without directing service of it on Respondent, for lack of jurisdiction. *See Jenkins v. U.S.*, 2011 WL 3608672 (M.D. Pa. 6-22-11). On August 16, 2011, the Court issued an Order and adopted our R&R in Petitioner 's Civil No. 11-1061case and dismissed the case. *See Jenkins v. U.S.*, 2011 WL 3608617 (M.D. Pa. 8-16-11). Petitioner Jenkins then filed a Notice of Appeal with the Third Circuit Court of Appeals on August 30, 2011. On November 7, 2011, the Third Circuit issued a Non-Precedential Opinion and Judgment, and it affirmed the District Court's August 16, 2011 Order. The Third Circuit stated that in his Civil No. 11-1061case, Petitioner Jenkins requested that he be re-sentenced "based, in part, on his claim that the sentencing court improperly relied on a prior state conviction to sentence him as a career offender." (Doc. 12-1, p. 3, Civil No. 11-1061case). The Third Circuit stated that Petitioner argued his Pennsylvania simple assault conviction was no longer a crime of violence and that he was actually innocent of being a career offender under the Armed Career Criminal Act, 18 U.S.C. §924(e) ("ACCA"). (*Id.*). Petitioner

Jenkins relief upon *Begay v. United States*, 553 U.S. 137 (2008). The Third Circuit agreed with the District Court and found that the Court lacked jurisdiction over Jenkins' §2241 habeas petition in his Civil No. 11-1061case since he could have properly challenged his federal sentence through a §2255 motion. (*Id*., pp. 3-4). The Third Circuit also held that Petitioner 's claim "that *Begay* prohibits the use of his prior conviction for simple assault to enhance his sentence is also without merit. *Begay* held that a conviction for driving under the influence of alcohol is not a 'violent felony' for purposes of the ACCA. 553 U.S. at 139. Jenkins['] sentence was enhanced based on an assault conviction, and therefore *Begay* is inapplicable." (*Id*., p. 4). With respect to Petitioner Jenkins' *Bailey* claim in his Civil No. 11-1061case, the Third Circuit stated that Jenkins could have raised this claim in his first §2255 motion. (*Id*.).

Thus, in Jenkins' Civil No. 11-1061case, the Third Circuit agreed that the District Court lacked jurisdiction over his §2241 habeas petition "because Jenkins could have properly challenged his sentence through a §2255 motion." (*Id*.)(citing *Cradle v. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

On April 11, 2012, Jenkins, while still an inmate at FCI-Allenwood, White Deer, Pennsylvania, filed, *pro se*, another Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2241, in the above captioned case. (Doc. 1). *See Jenkins v. Rectenwald*, Civil No. 12-0670, M.D. Pa. Petitioner paid the filing fee. (Doc. 3). Petitioner again claims that he was improperly adjudicated as a career offender with respect to his October 1, 1998 federal sentence in the United States District Court for the Middle District of Pennsylvania (United States District Judge Nealon) to an aggregate term of imprisonment to 570 months based, in part, on his Pennsylvania simple assault

3

conviction which he states is not a crime of violence and does not qualify as a predicate offense for purposes of being determined a career offender. Petitioner attached a copy of his October 1, 1998 Judgment to his instant habeas petition. (Doc. 1, p. 9). Petitioner states that "there is a gross miscarriage of justice in [his] case, as he is 'not-guilty' of being a Career Offender." (Doc. 1, p. 4). Thus, Petitioner again claims that his 570-month federal prison sentence was impermissibly enhanced based on the finding by the District Court for the Middle District of Pennsylvania that he was a career offender. However, in his latest habeas petition, Petitioner now relies upon the recent Third Circuit case of *United States v. Heilman*, 377 Fed. Appx. 157 (3d Cir. 2010). Petitioner states that "in *United States v. Heilman,* the Third Circuit determined that Pennsylvania's simple assault did not constitute a crime of violence." (Doc. 1, p. 5). Petitioner contends that in light of *United States v. Heilman*, all Pennsylvania simple assault convictions can no longer be considered as crimes of violence and can no longer be used a predicate offenses for purposes of being found a career offender. (Id.). Petitioner states that "[b]ecause Pennsylvania simple assault is not a crime of violence ..., it is not a qualifying Career Offender predicate." (Id.). Thus, Petitioner asserts that there has been a change in the law since he received his 570-month sentence, which was enhanced after the District Court for the Middle District of Pennsylvania found that he was a career offender, and that no Pennsylvania simple assault conviction constitutes a crime of violence for the purposes of being found a career offender.

Named as sole Respondent in Petitioner's instant Habeas Petition is Monica Rectenwald, Warden at FCI-Allenwood.[1]  The Habeas Petition has not yet been served on Respondent for a response.  We now give preliminary consideration to the habeas petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1 (b).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]   We again find that the Court should dismiss Petitioner Jenkins' latest §2241 habeas petition for lack of jurisdiction notwithstanding the *Heilman* case, since Petitioner has an adequate and effective remedy for his instant sentencing claim through a §2255 motion.  We find that even though Petitioner Jenkins filed a previous §2255 motion with the sentencing court and even though in 2006, the Third Circuit denied his request to file a second or successive §2255 motion, his recourse is to file another motion with the Third Circuit Court of Appeals to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3).

---

[1]Petitioner named the correct Respondent.  Since his action is a § 2241 habeas petition, and since Petitioner is presently confined at FCI-Allenwood, the Warden at this prison is the proper Respondent.  *See* 28 U.S.C. § 2242 and § 2243.  *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.  Petitioner correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**II. Factual Background**.

On November 25, 1997, in the United States District Court for the Middle District of PA, 97-CR-23, Petitioner Jenkins was convicted by a jury of the following offenses:

| | | |
|---|---|---|
| Count One | Conspiracy to Defraud the United States | 18 U.S.C. § 371 |
| Count Two | Conspiracy to Distribute Marijuana | 21 U.S.C. § 846 |
| Count Three | Distribution of Controlled Substances (Marijuana) | 21 U.S.C. § 841(a)(1) |
| Count Four | Using and carrying firearms in connection with drug trafficking | 18 U.S.C. § 924(c)(1) |
| Count Five | Interstate travel in Aid of Racketeering | 18 U.S.C. § 1952 |
| Count Six | False Statement in Connection with the Acquisition of Firearms | 18 U.S.C. § 922(a)(4) |
| Count Seven | False Statements in connection with the acquisition of firearms | 18 U.S.C. § 922(a)(6) |
| Count Eight | Possession of firearms by a convicted felon | 18 U.S.C. § 922(g) |
| Count Ten | Unlawful transfer of machine guns | 18 U.S.C. § 922(o) |
| Count Eleven | Possession of a firearm without a serial number | 26 U.S.C. § 5861(i) |

(Doc. 1, p. 3).[3]

---

[3]Thus, Petitioner was found guilty of all Counts except for Count Nine. We have also stated the factual background of Petitioner's Middle District of Pennsylvania conviction and sentence in our R&R issued in his prior case, Civil No. 11-1061. We have also utilized Petitioner's Criminal Docket, 97-CR-23, M.D. Pa.

On October 1, 1998, Petitioner was sentenced by the United States District Court for the Middle District of Pennsylvania to an aggregate term of imprisonment to 570 months. (Id., pp. 4 & 9). Petitioner states that he "was adjudicated as a Career Offender, as to Counts Two and Three, based upon two purportedly qualifying convictions under USSG §4B1, one of which was a Pennsylvania Assault conviction." (*Id*., p. 4). Petitioner also states that "[t]here is a gross miscarriage of justice in [his] case, as he is 'not-guilty' of being a Career Offender." (*Id*.).

On October 7, 1998, Petitioner filed a notice of appeal of his J&C with the Third Circuit Court of Appeals. (Doc. 12-1, p. 2, Civil No. 11-1061). On October 4, 1999, the Third Circuit affirmed the District Court's J&C. (*Id*.). *See U.S. v. Jenkins*, 185 F. 3d 863 (3d Cir. 1999). Petitioner then filed a Petition for Writ of *Certiorari* with the United States Supreme Court and it was denied on November 1, 1999. *See Jenkins v. U.S.*, 528 U.S. 978 (1999). On September 20, 2000, Petitioner filed a Motion to Vacate his Sentence, pursuant to 28 U.S.C. § 2255, which challenged his conviction and sentencing based upon *Apprendi* v. *New Jersey,* 530 U.S. 466 (2000). (*Id*.). Petitioner's §2255 Motion was denied by the District Court on February 1, 2001. (*Id*.). *See* Civil No. 00-1672, M.D. Pa. Petitioner appealed to the Third Circuit and on June 18, 2003, the Third Circuit affirmed the District Court's Order denying his §2255 motion. *See United States v. Jenkins*, 333 F. 3d 151 (3d Cir. 2003). (*Id*.). Petitioner then filed a Petition for Writ of *Certiorari* with the United States Supreme Court and it was denied. *See Jenkins v. United States*, 540 U.S. 932 (2003).

On March 13, 2006, the Third Circuit denied Petitioner's application under 28 U.S.C. § 2244 to file a second or successive § 2255 motion. (*Id.*).

As discussed above, on June 2, 2011, Petitioner Jenkins filed an action in the Middle District of Pennsylvania which was construed as a §2241 habeas petition. *See Jenkins v. United States*, Civil No. 11-1061, M.D. Pa. On August 16, 2011, the District Court dismissed Petitioner 's Civil No. 11-1061case for lack of jurisdiction. Petitioner Jenkins filed a Notice of Appeal with the Third Circuit Court of Appeals on August 30, 2011. On November 7, 2011, the Third Circuit affirmed the District Court's August 16, 2011 Order. (Doc. 12-1, Civil No. 11-1061).

Petitioner is still serving his Middle District of Pennsylvania federal sentence at FCI-Allenwood.

We shall recommend that the Petitioner Jenkins' second §2241 habeas petition be dismissed for lack of jurisdiction since we again find that §2255 is his remedy with respect to his instant claims challenging his 570-month prison sentence and career offender enhancement.

**III. Discussion.**

As mentioned, a habeas petition may be summarily dismissed before it is served on Respondent for a response "when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself ... ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147 (1970).

In the present case, Petitioner Jenkins again seeks this Court to direct the sentencing District Court, Middle District of Pennsylvania, to re-sentence him based on his claim that the sentencing court incorrectly enhanced his federal sentence by classifying him as a Career Offender under §4B

1.1 of the United States Sentencing Guidelines ("USSG") because it improperly relied upon his Pennsylvania simple assault conviction which he states is no longer deemed as a crime of violence. As such, Petitioner states that he is "not-guilty" of being a career offender. (Doc. 1, p. 4, Civil No. 12-670). Petitioner cites to the case of *United States* v. *Heilman,* 377 Fed.Appx. 157 (3d Cir. 2010), for support of his contention that "the Third Circuit determined that Pennsylvania's simple assault [statute, 18 Pa. Cons.Stat. §2701] did not constitute a crime of violence." (*Id.*, p. 5).

As Petitioner's quote of the *Heilman* case shows (Doc. 1, p. 5), the Court in *Heilman* cited to *United States v. Johnson*, 587 F.3d 203, 208-09 (3d Cir. 2009). In *United States v. Johnson*, 587 F.3d 203, 208-09 (3d Cir. 2009), the Third Circuit held that a simple assault conviction in Pennsylvania that involved negligent or reckless conduct was not a crime of violence under USSG §4B1.2(a) to determine if the conviction was a predicate offense for career offender purposes. However, the *Johnson* Court held that a simple assault conviction in Pennsylvania could be a crime of violence for career offender purposes if the Defendant committed the offense knowingly or intentionally. *See U.S. v. Brown*, 445 Fed. Appx. 474, 481 (3d Cir. 2011)(citing *Johnson*, 587 F.3d at 210-11). Thus, subsequent to the *Johnson* Third Circuit case, "it is imperative to ascertain whether [Defendant's] Pennsylvania conviction was based on intentional or reckless conduct." *U.S. v. King*, 393 Fed.Appx. 967, 969 (3d Cir. 2010). In *U.S. v. Branham*, 2011 WL 6412238, *2 (E.D. Pa. 12-21-11), the District Court recently stated that "[t]he Third Circuit Court of Appeals has already held that intentional or knowing assault under the [Pennsylvania] simple assault statute [18 Pa. Cons.Stat. §2701] constitutes a crime of violence under the career offender provision of Guideline §4B1.1."(citing *Johnson*, 587 F.3d at 211). The Court in *U.S. v. Branham*, 2011 WL

6412238, *2, recognized however that the Pennsylvania simple assault statute also criminalized reckless conduct and that the federal sentencing court must look to the Defendant 's state court record to see if his Pennsylvania simple assault conviction was based on intentional conduct in determining if he is a career offender.   *See also U.S. v. King*, 393 Fed.Appx. at 969.  Further, in the *Heilman* case, the Third Circuit found that "a crime committed with recklessness is not sufficient under either definition of 'crime of violence' in USSG §4B1.2(a)."   377 Fed.Appx. at 218.  However, the *Heilman* Court indicated that if the Defendant committed his Pennsylvania simple assault conviction intentionally or knowingly it can be considered a crime of violence.  The *Heilman* Court found that this determination should be made by the sentencing court.

Thus, Petitioner Jenkins is mistaken when he claims that the Third Circuit has found that all Pennsylvania simple assault convictions are not crimes of violence and could not be used as predicate offenses for career offender purposes.  Rather, if Petitioner Jenkins' Pennsylvania simple assault conviction was based on intentional conduct, as opposed to reckless conduct, it could be used as a predicate offense for career offender purposes.

We find that a §2255 motion is an adequate and effective remedy for Petitioner Jenkins to raise his instant claim that his simple assault conviction in Pennsylvania was not an intentional or knowing act of violence and that his simple assault conviction could not be used as a predicate offense for career offender purposes.  *See U.S. v. Branham*, 2011 WL 6412238 (E.D. Pa. 12-21-11)(Defendant filed a §2255 motion challenging his sentence claiming that he should not have received the career offender enhancement to his sentence "because in *Johnson v. United States*, –U.S.–, 130 S.Ct. 1265 (2010), the U.S. Supreme Court created new substantive law suggesting that

not every simple assault is a crime of violence for the purposes of Guideline §4B1.1, and that in order to qualify as such, the record must categorically reflect that the assault constituted a crime of violence.")(footnote omitted).[4]  The Court in *U.S. v. Branham*, 2011 WL 6412238, *2, held that *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009), did "not create a new right" applicable to cases involving a determination of whether a Pennsylvania simple assault is a crime of violence for the purposes of Guideline §4B1.1. We agree with the *Branham* Court's finding.

We find that Petitioner Jenkins  must seek permission from the Third Circuit to file a successive §2255 motion based on the *Heilman* case and the *Johnson* cases (both the U.S. Supreme Court case and the Third Circuit case)  and that if he is permitted to do so, the sentencing court will then be able to decide, *via* a §2255 motion, if Jenkins committed an intentional or knowing act of violence with respect to his Pennsylvania simple assault conviction or whether Jenkins' simple assault conviction involved negligent or reckless conduct. As stated, an intentional or knowing violation of the Pennsylvania simple assault statute constitutes a crime of violence under USSG §4B1.2(a).  The Pennsylvania simple assault statute also makes a reckless act illegal and a reckless act does not constitute a crime of violence for determining if a Defendant is a career offender.  *See Selby v. Scism,* 453 Fed.Appx. 266 (3d Cir. 2011); *Johnson*, 587 F.3d at 212; *U.S. v. King*, 393

---

[4]Since the law regarding the issue of whether a Pennsylvania simple assault constitutes a crime of violence for career offender purposes under §4B1.1 is very recent, we could not find in our research many published decisions on point. Thus, we cite, in part,  to unpublished decisions with which we concur and, find persuasive and on point. We note that the unpublished decisions cited herein largely rely upon precedential Third Circuit cases, including *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009).  We also note that Petitioner's claim in this case is based on the unpublished Third Circuit decision of *United States* v. *Heilman,* 377 Fed.Appx. 157 (3d Cir. 2010).

Fed.Appx. 967 (3d Cir. 2010). Indeed, well after Petitioner Jenkins' October 1998 federal sentence, the Third Circuit held that based on *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008), "a conviction for mere recklessness cannot constitute a crime of violence" in order to determine whether a Defendant is a career offender under the USSG.  *United States v. Lee*, 612 F.3d 170, 195-97 (3d Cir. 2010).

In the recent case of  *Selby v. Scism,* 453 Fed.Appx. 266, decided on December 6, 2011, the Third Circuit found that the District Court for the Middle District of Pennsylvania properly dismissed Petitioner Selby's §2241 habeas petition in which he claimed that the sentencing court incorrectly enhanced his federal sentence by classifying him as a career offender based, in part, on his simple assault conviction under Pennsylvania law since it was no longer considered a crime of violence. The Third Circuit agreed with the District Court that a §2255 motion was an adequate or effective remedy for Petitioner Selby's claim even though Selby was not successful in trying to bring his claim in a second §2255 motion. We find the recent Third Circuit case of *Selby v. Scism* to be directly on point with Petitioner Jenkins' instant case. We find that Petitioner Jenkins must file another application with the Third Circuit Court of Appeals to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3).

If the Third Circuit grants Petitioner Jenkins permission to  file a successive §2255 motion, the federal sentencing court can consider the two prongs of §4B1.2, namely, §4B1.2(a)(1) and §4B1.2(a)(2),  to determine if Jenkins' Pennsylvania simple assault conviction constituted a crime of violence. The federal sentencing court can look to the facts of Petitioner Jenkins' Pennsylvania simple assault conviction to make this determination.  *See Johnson*, 587 F.3d at 208(citations

omitted). "In conducing such an inquiry, a court is 'generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the Defendant assented.'" *Id.*(citation omitted). The sentencing court must look to see if there is anything categorical in Petitioner 's Pennsylvania state court record regarding his simple assault conviction to determine if he committed a crime of violence for purposes of re-evaluating if he should have received the career offender enhancement to his October 1, 1998 sentence. In any event, we find that a §2255 motion is the proper remedy for Petitioner Jenkins, as opposed to a §2241 habeas petition, for the sentencing court to make the stated determination to see whether Petitioner's Pennsylvania simple assault conviction involved an intentional or knowing act of violence or whether it involved negligent or reckless conduct. *See U.S. v. Branham*, 2011 WL 6412238 (E.D. Pa. 12-21-11). Only the former conduct constitutes a crime of violence for career offender purposes under §4B1.1.

Therefore, we find that Petitioner Jenkins' present § 2241 habeas petition should be dismissed for lack of jurisdiction. Specifically, we find that § 2255 is an adequate and effective remedy for Petitioner Jenkins to raise his instant habeas claim. *See Selby v. Scism, supra*.

Simply because Petitioner Jenkins' prior §2255 motion was denied by the sentencing District Court does not render this motion as inadequate or ineffective for Petitioner to raise his present claim. *See Cradle v. United* States, 290 F.3d 536, 538-39 (3d Cir. 2002). Suffice to say that, based on above cases, including *Selby v. Scism*, which we find to be directly on point, we find Petitioner Jenkins' present habeas claim must be raised *via* a §2255 motion. *See Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim

that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893 (3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender.[5]

As stated, Petitioner Jenkins has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claims. *See Cradle, supra*. Petitioner can nonetheless file another application to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3), with the Third Circuit Court of Appeals.  A federal prisoner generally must raise claims collaterally attacking his sentence through a §2255 motion. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).   A federal prisoner can seek relief under §2241 if a §2255 motion is inadequate or ineffective to test the legality of his confinement. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); *In re Dorsainvil*, 119 F. 3d 245, 249 (3d Cir. 1997).  A §2255 motion is inadequate or ineffective to test the legality of a prisoner's confinement when he has been convicted and incarcerated for conduct no longer deemed to be criminal.  *In re Dorsainvil*, 119 F. 3d at 251.  As in the *Selby* case, Petitioner Jenkins does not contend that he is innocent of the numerous weapons and narcotics offenses for which he was

---

[5]n *DiFilippo v. Sniezek*, 2010 WL 3965893, *2 (3d Cir. 10-12-10), the Third Circuit Court stated that "the District Court did not err in directing DiFilippo to seek relief under §2255."

convicted in the Middle District of Pennsylvania. Rather, as discussed above, Petitioner Jenkins claims that he is "not-guilty" of being a career offender due to changes in the law based on the case of *United States* v. *Heilman,* 377 Fed.Appx. 157 (3d Cir. 2010), and the case of *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009). Thus, as the Third Circuit held in *Selby*, "the exception described in *In re Dorsainvil* does not apply" in Jenkins' case. 453 Fed.Appx. at 268(citing *Okereke*, 307 F.3d at 120).

Based on the above, we find that this Court is without jurisdiction to consider Petitioner Jenkins' second § 2241 habeas petition. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under § 2255 with respect to his October 1998 federal sentence and career offender enhancement. Thus, Petitioner's contention that his sentence of 570 months was impermissibly based on the sentencing court's finding that he was a career criminal must be raised in a § 2255 motion. *See Selby, supra*. Petitioner must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*.

Accordingly, we shall recommend that Petitioner Jenkins' Civil No. 12-670 habeas petition be dismissed for lack of jurisdiction without directing service of it on Respondent.

**IV**. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Jenkins' Petition for Writ of Habeas Corpus **(Doc. 1)**, under 28 U.S.C. §2241, be dismissed for lack of jurisdiction.


                         s/ Thomas M. Blewitt
                         **THOMAS M. BLEWITT**
                         **United States Magistrate Judge**

**Dated: May 4 , 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAMS R. JENKINS, | : | CIVIL ACTION NO. **1:CV-12-0670** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MONICA RECTENWALD, WARDEN, FCI-ALLENWOOD, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **May** 4 **, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                      s/ Thomas M. Blewitt
                                                      **THOMAS M. BLEWITT**
                                                      **United States Magistrate Judge**

**Dated: May 4, 2012**